# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN TIKAL, | ) NO. ED CV 19-1787-DMG(E) |
| Petitioner, | ) |
| v. | ) ORDER OF DISMISSAL |
| WARDEN FCI-1 VICTORVILLE et al, | ) |
| Respondents. | ) |

## BACKGROUND

On September 16, 2019, Petitioner, a federal prisoner incarcerated at the Federal Correctional Institution Medium I ("FCI-1") prison at Victorville, California, filed a putative habeas corpus petition pursuant to 28 U.S.C. section 2241. Petitioner alleges that he is suffering from overcrowded conditions at his place of confinement. Petitioner, who apparently shares a cell, contends that the alleged overcrowding is violating the Eighth Amendment and Bureau of Prisons Program Statement 1060.11. Program Statement 1060.11 allegedly establishes a maximum capacity of inmates per housing unit

and requires that 50% of cells be single occupancy. Petitioner seeks injunctive relief restoring "lawful occupancy levels" and preventing "illegal crowding in excess of rated capacity."

**DISCUSSION**

Habeas corpus "is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement." Skinner v. Switzer, 562 U.S. 521, 525 (2011) (citation omitted). A challenge to the fact or duration of confinement which, if successful, would result in immediate or speedier release falls within the "core" of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 487-89 (1973); Nettles v. Grounds, 830 F.3d 922, 927-29 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017). A civil rights action is the exclusive vehicle for an inmate's claim that does not fall within the "core" of habeas corpus, such as a challenge to the conditions of confinement. Nettles v. Grounds, 830 F.3d at 931-34. Accordingly, Petitioner may not use the present habeas corpus Petition to bring claims regarding allegedly unlawful conditions of confinement. Petitioner may attempt to assert such claims through the vehicle of a civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens").[1]

///
///

---

[1] The Court expresses no opinion regarding whether a Bivens remedy is available to Petitioner on the claims alleged in the Petition. See Ziglar v. Abbasi, 137 S. Ct. 1843 (2017) (limiting reach of Bivens remedies).

This Court declines to exercise its discretion to convert the present Petition into a Bivens complaint. "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles v. Grounds, 830 F.3d at 936 (citations and internal quotations omitted). Here, the Petition is not "amenable to conversion on its face." First, the Petition does not appear to name the "correct defendants." Although Plaintiff names the Warden at FCI-1 and a Unit Manager at FCI-1, the memorandum attached to the Petition allegedly requiring double-celling for all inmates bears the name and signature of the "Complex Warden," i.e., the Warden at the Victorville Federal Correctional Complex at which FCI-1 is only one of three facilities. See Daley v. U.S., 2011 WL 4500850, at *1 n.1 (C.D. Cal. Sept. 28, 2011) (identifying the three facilities, including FCI-1). Furthermore, "a habeas corpus action and a prisoner civil rights suit differ in a variety of respects - such as . . . filing fees, the means of collecting them, and restrictions on future filings - that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." Nettles v. Grounds, 830 F.3d at 935-36 (citations and internal quotations omitted); see also id. at 932 n.8 (describing differences between procedural requirements applicable to habeas corpus actions and to civil rights actions). Accordingly, conversion of the present Petition into a Bivens complaint would be inappropriate. See Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir.

2005) (court relied on myriad differences between habeas actions and civil rights actions in affirming district court's refusal to recharacterize a habeas petition as a civil rights complaint); Jorgenson v. Spearman, 2016 WL 2996942, at *1 (C.D. Cal. May 22, 2016) (declining to convert a flawed habeas petition into a civil rights complaint "in light of the considerable procedural and substantive differences between habeas corpus and civil rights matters"); see also Thody v. United States, 2017 WL 6389593, at *2 (C.D. Cal. Oct. 26, 2017), adopted, 2017 WL 6389090 (C.D. Cal. Dec. 12, 2017) (declining to convert into a Bivens complaint a section 2241 petition seeking injunctive relief mandating single celling); Turner v. Ortiz, 2017 WL 1955330, at *2 (D.N.J. May 11, 2017) (dismissing section 2241 petition challenging conditions of confinement which included alleged overcrowding and alleged violation of Program Statement 1060.11).

**ORDER**

For the foregoing reasons, the Petition and the action are dismissed without leave to amend but without prejudice.

DATED: November 8, 2019

　　　　　　　　　　　　　　　　/s/ Dolly M. Gee
　　　　　　　　　　　　　　　　DOLLY M. GEE
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Presented this 20th day
of September, 2019, by:

　　　　/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE